BAUGHMAN et al., Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

[Cite as *Baughman v. State Farm Mut. Auto. Ins. Co.*, 160 Ohio App.3d 642, 2005-Ohio-1948.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 22316.

Decided April 27, 2005.

---

Kathleen J. St. John, for appellants.

Mark A. Johnson and Henry A. Hentemann, for appellee.

---

MOORE, Judge.

{¶ 1} Appellant,[1] Delmas Baughman, appeals from the judgment of the Summit County Court of Common Pleas denying his motion to unseal documents filed in the underlying litigation in this matter. We reverse.

I

{¶ 2} This appeal arises out of a consumer class action complaint filed against appellee, State Farm Automobile Insurance Company, on August 28, 1995. For the purposes of our opinion, the underlying allegations of that action need not be detailed. However, as a result of the nature of the case below, the parties entered into an "Agreed Protective Order Regarding Confidentiality" in May 2001. As a result of the protective order, the parties filed documents under seal in the trial court if they contained any reference to any of the documents deemed confidential under the order.

{¶ 3} During the course of this litigation, appellee moved for summary judgment, to which, appellant responded in opposition. In support of his opposition to the motion, appellant attached and incorporated numerous documents that had been deemed confidential under the agreed protective order. On June 18, 2004, appellee's motion for summary judgment was granted. On July 16, 2004, appellant filed a notice of appeal regarding that judgment. Subsequent to the filing of that notice, appellant filed his motion to unseal the documents that he had used in his opposition to appellee's motion for summary judgment. The trial court denied appellant's motion on August 30, 2004. Appellant timely appealed that ruling, raising two assignments of error for our review. As the assignments of errors are interrelated, this court will address them together.

---

1. While this litigation and appeal involves multiple individuals, for ease we will refer to appellant in the singular.

## II

## ASSIGNMENT OF ERROR I

The trial court abused its discretion in denying the motion to unseal because it placed the burden of showing 'good cause' to unseal on [appellant] when the agreed protective order places the burden of showing 'good cause' to the keep the challenged documents under seal on [appellee].

## ASSIGNMENT OF ERROR II

The trial court abused its discretion in disregarding the public policy reasons for unsealing the documents in question; and in applying the *Adams v. Metallica* test in an arbitrary and capricious manner.

{¶ 4} In both his assignments of error, appellant argues that the trial court erred in denying his motion to unseal documents. Specifically, appellant alleges that the trial court abused its discretion by ignoring the plain language of the parties' agreed protective order. We agree.

{¶ 5} A trial court's denial of a motion to unseal will not be reversed absent an abuse of discretion. *Adams v. Metallica, Inc.* (2001), 143 Ohio App.3d 482, 486, 758 N.E.2d 286. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 6} Appellee asserts that the trial court properly placed the burden on appellant to show good cause for modifying the protective order because a showing of good cause is "implicitly acknowledged" when the parties agree to a protective order. However, in the instant matter, there is no need to imply a requirement of good cause, as the agreed protective order explicitly shifts the burden of cause from appellant to appellee.

A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a confidential document (or category of documents) is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. In any such instance, the burden of proving the propriety of the purported confidentiality shall be on the proponent of such confidentiality.

In denying appellant's motion to unseal, however, the trial court noted:

Simply put, the Plaintiffs have failed to show good cause to unseal and declassify the documents previously filed under seal. * * * "Where, however, the modification motion is brought by a party who stipulated to a blanket

protective order, the party should be held to its agreement and thus should have the burden of showing good cause for its modification request."

{¶ 7} By ignoring the unambiguous language of the parties' agreed protective order, the trial court's conclusion constituted error as a matter of law. Further, while the trial court appears to have utilized the balancing test required under *Adams v. Metallica, Inc.,* doing so without properly allocating the burden as agreed by the parties constitutes an abuse of discretion.

{¶ 8} Appellee asserts that affirmance is still proper because appellant waived any right to unseal the documents by reason of the amount of time appellant waited before asserting his rights under the protective order. We disagree.

{¶ 9} " '[W]aiver' is the voluntary surrender or relinquishment of a known legal right or intentionally doing of an act inconsistent with claiming it." *Marfield v. Cincinnati, D & T Traction Co.* (1924), 111 Ohio St. 139, 144, 144 N.E. 689. "Mere silence will not amount to waiver where one is not bound to speak." *List & Son Co. v. Chase* (1909), 80 Ohio St. 42, 49, 88 N.E. 120.

{¶ 10} In the instant matter, the agreed protective order places no time restraints on either party to contest the confidentiality of documents. Therefore, there is no requirement that either party object in a timely manner to preserve their rights under the agreement that by its own terms addresses pretrial discovery. Thus, implicitly the parties had the right to contest confidentiality under the agreement until trial began. Further, the argument put forth by appellee more closely resembles the doctrine of laches than the doctrine of waiver. "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." *Mondl v. Mondl* (Dec. 5, 2001), 9th Dist. No. 20570, 2001 WL 1545638. However, the laches doctrine does not support affirmance in the instant matter.

{¶ 11} First, appellee has presented no evidence or even asserted that it was prejudiced by the delay in this matter. Indeed, it would be difficult to determine what prejudice appellee suffers from being bound to an agreed protective order that it drafted. Second, we find that the period of time appellant waited to assert his rights was neither unreasonable nor unexplained.

{¶ 12} The underlying litigation in this matter began in 1995. The documents that appellant moved to unseal were provided under the protective order in 2001. Appellee asserts that the three years that appellant waited to challenge the confidentiality of these documents is unreasonable. However, the complex and lengthy nature of the litigation in this matter compels a finding that appellant's delay was not unreasonable. The agreed protective order clearly applied to all *pretrial* discovery. Once the trial court granted summary judgment, all pretrial

proceedings ended. Immediately thereafter, appellant filed his motion to unseal documents. Therefore, appellant's alleged delay in asserting its rights was not unreasonable.

{¶ 13} As the trial court improperly allocated the burden of showing cause under the parties' protective order, this court reverses the judgment below. Appellant's assignments of error are sustained.

### III

{¶ 14} Appellant's assignments of error are sustained, and the judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion. Based upon our resolution of this appeal, all other matters before this court, including case No. 22204, are hereby stayed pending resolution of this matter in the trial court.

Judgment reversed
and cause remanded.

BAIRD, J., concurs.

SLABY, J., dissents.

WILLIAM R. BAIRD, J., retired, of the Ninth District Court of Appeals, sitting by assignment.