[Cite as *Von Stein v. Brandenburg*, 2023-Ohio-4481.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| JESSE VON STEIN, et al., | : | |
| Appellants, | : | CASE NO. CA2023-04-040 |
| | : | O P I N I O N |
| - vs - | | 12/11/2023 |
| | : | |
| DAVID BRANDENBURG, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2020 07 1082

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellants.

Thomas G. Eagle Co., L.P.A., and Thomas G. Eagle, for appellees.

**S. POWELL, P.J.**

{¶ 1} Appellants, Jesse Von Stein and Jesse Von Stein dba Lake Bailee Recreational Park, LLC, appeal from the decision of the Butler County Court of Common Pleas granting summary judgment, monetary damages, and a permanent injunction in favor of, and as requested by, appellees, David and Charlotte Brandenburg, and David Brandenburg dba Brandenburg Trucking, LLC. For the reasons outlined below, we affirm.

**Facts and Procedural History**

**{¶ 2}** This case involves a surface water dispute between neighboring property owners who own real property located on Jackson Road in St. Clair Township, Butler County, Ohio. Von Stein owns 14 acres of real property located at 2070 Jackson Road. The Brandenburgs own the neighboring 18 acres of real property located at 2072 Jackson Road.

**{¶ 3}** On July 6, 2020, Von Stein and Von Stein dba Lake Bailee Recreational Park filed a complaint setting forth three causes of action against David and Charlotte Brandenburg and David Brandenburg dba Brandenburg Trucking. Those three causes of action were trespass, nuisance, and negligence. Paragraph one of the complaint alleged the following:

> Plaintiffs, Jesse Von Stein is a Butler County, Ohio resident and president/owner of Lake Bailee Recreational Park, LLC, a Limited Liability Company doing business in Butler County, Ohio.

**{¶ 4}** Von Stein's complaint went on to allege in paragraph 11 that the Brandenburgs had changed the topography of their property located at 2072 Jackson Road, which in turn "caused the pre-existing natural flow of water, surface water, as well as drainage as defined in Ohio Revised Code § 6117.01, resulting in the water overflowing" onto his property located at 2070 Jackson Road.[1] This is in addition to the complaint alleging in paragraphs 12-13, 20, and 36 that the continuous overflow of water, surface water, "contaminated water," drainage, and "other fluid" from the Brandenburgs' property onto Von Stein's property had created ongoing issues that impermissibly interfered with his use and enjoyment of the property. This included, as alleged in paragraph 15 of the

---

1. The complaint alleges that this topography change began in December of 2016 when the Brandenburgs first started constructing a building "within feet" of the common property line separating the two properties.

complaint, runoff from the Brandenburgs' property contaminating the lake located on Von Stein's property, which purportedly caused the fish in the lake to die off, as well as other unspecified damage to the "ecosystem and surrounding premises * * *."  The complaint requested compensatory damages in an amount in excess of $25,000 and a permanent injunction ordering the Brandenburgs to implement "proper water regulation techniques" on their property to stop the continued intrusion "by way of water and contaminated water."

{¶ 5} On July 31, 2020, the Brandenburgs and Brandenburg Trucking filed an answer to Von Stein's complaint.  As part of their answer, the Brandenburgs admitted to the basic facts alleged in paragraph one of the complaint set forth above.  This included an admission from the Brandenburgs that Von Stein's business, Lake Bailee Recreational Park, was a limited liability company doing business in Butler County, Ohio.  The Brandenburgs generally denied the other remaining allegations as set forth in the complaint and as levied against them.  This included the allegations set forth in paragraphs 11-13, 15, 20, and 36 discussed in the preceding paragraph.

{¶ 6} Along with their answer, the Brandenburgs also filed a counterclaim against Von Stein and Lake Bailee Recreational Park, raising the same three causes of action that Von Stein had levied against them, trespass, nuisance, and negligence.  More specifically, the Brandenburgs' counterclaim alleged in paragraph six that Von Stein had "built an earthen/rock berm" on the real property located on 2070 Jackson Road, which caused the "natural surface water flow" on that property, as well as the neighboring real property located at 2072 Jackson Road, "to become unreasonably altered."  The counterclaim then went on to allege in paragraph nine that the construction of this berm had caused the Brandenburgs to suffer injury, and continue to suffer injury, to their property.  The counterclaim alleged that these injuries included, but were not limited to, the diminution in their property's value, costs of repairs and cleanup, costs to correct drainage issues, as well

as "annoyance, discomfort, inconvenience, and impediments to the potential sale" of the property. The counterclaim requested compensatory damages in an amount in excess of $25,000 and, in the counterclaim's paragraph six, a permanent injunction ordering Von Stein "to remove the earthen/rock berm" on his property "that is unreasonably interfering with the natural flow of water between the properties."

{¶ 7} On August 11, 2020, Von Stein and Lake Bailee Recreational Park filed an answer generally denying the allegations set forth within the Brandenburgs' counterclaim. The following year, on May 7, 2021, Von Stein sat for his deposition. Several months later, on October 21, 2021, the Brandenburgs moved for summary judgment. In their motion, the Brandenburgs requested summary judgment on Von Stein's complaint, as well as a partial summary judgment on their counterclaim against Von Stein. To support their motion, the Brandenburgs provided the trial court with a report and affidavit from their expert witness, Eric R. Drozdowski, P.E., a senior civil/structural engineer who, following his investigation into the matter, concluded to a reasonable degree of professional certainty that:

> a. Construction activities on the Brandenburg property did not alter the overall elevation and grading of the property.
>
> b. The surface water flow rate changes caused by the construction/alterations were inconsequential to cause new flood patterns on the adjacent property.
>
> c. There is no evidence to suggest that antifreeze, battery acid, or any other automotive fluids or chemicals are being disposed of on the ground of the Brandenburg property, or that any fluids or chemicals are draining onto the Von Stein property from the Brandenburg property.
>
> d. Additionally, there is no evidence to suggest that Brandenburg has done anything to cause or contribute to contamination of the stocked fishing pond located on the east side of the Von Stein property.

This is in addition to Drozdowski concluding that:

> e. The natural flow of water on both the Von Stein and

- 4 -

Brandenburg properties is from west to east.

f. The placement of an earthen berm by Von Stein around the south and east sides of the Brandenburg property is impeding the natural flow of water from west to east, and reportedly causing flooding on the Brandenburg property during periods of significant rainfall.

g. Von Stein refused to allow St. Clair Township to modify/enlarge the drainage ditch along Jackson Road, which would have allowed Brandenburg to drain surface water on his property into the roadside ditch instead of allowing it to naturally flow from the Brandenburg property onto the Von Stein property.[2]

{¶ 8} On February 7, 2022, the trial court granted the Brandenburgs' motion for summary judgment in its entirety. In that decision, the trial court determined that:

Defendants have presented competent evidence by way of expert opinion that it was unreasonable for Plaintiffs to surround the real property at 2072 Jackson Road with an earthen berm, and that the earthen berm blocks the natural flow of surface water causing damage to Defendants. Defendants have also used the deposition testimony of Von Stein to support their allegations that Plaintiffs have no evidence to support the claims they have asserted against Defendants.

{¶ 9} On February 22, 2022, Von Stein filed a motion requesting the trial court reconsider its summary judgment decision given that certain exhibits had been inadvertently excluded from the record. The parties thereafter entered into an agreed entry noting that they had "reached an agreement concerning the submission of exhibits" in this case, as well as an agreement that those exhibits "shall be considered as admitted" as part of Von Stein's memorandum in opposition to the Brandenburgs' previous motion for summary judgment. The trial court granted Von Stein's motion for reconsideration on March 8, 2022. Shortly thereafter, on March 25, 2022, the trial court issued a decision granting the Brandenburgs' reconsidered summary judgment motion, thus once again finding Von Stein

---

2. The listed findings are direct quotes taken from Drozdowski's affidavit that was attached to the Brandenburgs' motion for summary judgment filed with the trial court on October 21, 2021.

and Lake Bailee Recreational Park liable to the Brandenburgs on their claims of trespass, nuisance, and negligence. The trial court then set the matter for a damages hearing, which ultimately took place on December 2, 2022.

{¶ 10} On March 3, 2023, the trial court issued its decision on damages, both monetary damages and equitable damages in the form of permanent injunctive relief. In this decision, the trial court initially noted its finding that Von Stein's business, Lake Bailee Recreational Park, was not an actual party to this case and, "as far as this lawsuit is concerned," was merely a "tradename" or "dba" of Von Stein himself. Thus, according to the trial court, there was "effectively one counterclaim-defendant," Von Stein, "a natural person." The trial court then noted its other finding that, "the tortious conduct of constructing the berm and disrupting the natural flow of surface water was committed by Von Stein as owner of the property at 2070 Jackson Road in his individual capacity." The trial court reached this decision upon finding Von Stein's testimony that he "created the earthen berm in question at the direction of, as agent for or for the benefit of Lake Bailee Recreational Park, LLC," was not credible.

{¶ 11} The trial court then noted its alternative finding that, even if it were to assume Von Stein's business, Lake Bailee Recreational Park, was "a limited liability entity" that "owned a legal interest" in the property located at 2070 Jackson Road, Von Stein, in his individual capacity, "would still be jointly and severally liable for said tortious conduct." The trial court noted its decision was based on the long established principles holding "[a]gents and employees do not escape liability for their tortious and wrongful actions simply because they act as agents or employees of a separate legal entity."[3] The trial court therefore

---

3. For this, the trial court cited this court's decision in *Mohme v. Deaton*, 12th Dist. Warren No. CA2005-12-133, 2006-Ohio-7042, which notes that "[a] defendant cannot shield himself from liability for the conduct in which he allegedly engaged merely because he engaged in that conduct as a corporate officer, and the fact that a plaintiff may not be able to pierce the corporate veil is irrelevant to the issue." *Id.* at ¶ 10, citing *Lambert v. Kazinetz*, 250 F.Supp.2d 908, 914-915 (S.D.Ohio 2003) (discussing Ohio law of agency).

determined:

> In this case, Von Stein is responsible for his tortious acts of creating the berm and the resulting nuisance. For the foregoing reasons it is not necessary or appropriate, as suggested in Von Stein's written closing argument, that this Court apportion damages between Jesse Von Stein and Jesse Von Stein dba Lake Bailee Recreational Park, LLC.

{¶ 12} The trial court then set forth the specific damages it had decided to award to the Brandenburgs. In so doing, the trial court stated:

> After careful consideration of the evidence and arguments, the Court awards to Brandenburg [which, as previously noted in the trial court's decision, consisted of both David and Charlotte Brandenburg and David's business, Brandenburg Trucking] and against Von Stein economic damages of $14,500; non-economic damages for annoyance and discomfort of $30,000; and $0.00 punitive damages, as the Court does not find evidence of malice or aggravated or egregious fraud.

{¶ 13} The trial court also issued a permanent injunction against Von Stein. In so doing, the trial court stated:

> The Court finds that Brandenburg has suffered actual harm. The Court finds that the nuisance created by Von Stein can and should be abated by a mandatory, permanent injunction requiring the removal of the berm constructed by Von Stein and restoration of the natural flow of surface water runoff to the conditions that pre-existed the construction of the berm. Accordingly, Von Stein, including his successors or assigns, is ordered to remove the entire earthen berm, restoring the area surrounding the berm and the natural flow and drainage of surface water to those conditions that existed prior to the construction of the earthen berm. This restoration work is ordered to be completed on or before June 30, 2023. Time is of the essence.

{¶ 14} On April 3, 2023, Von Stein filed a timely notice of appeal from the trial court's decision. Following briefing from both parties, oral argument was held before this court on November 20, 2023. Von Stein's appeal now properly before this court for decision, Von Stein and Lake Bailee Recreational Park have raised two assignments of error for this court's review.

**Assignment of Error No. 1:**

{¶ 15} THE TRIAL COURT ERRED BY IMPOSING PERSONAL LIABILITY AND DAMAGES ON VON STEIN.

{¶ 16} In his first assignment of error, Von Stein argues the trial court erred by imposing personal liability upon him for constructing the earthen berm on his property and ordering him to pay the total $44,500 in monetary damages awarded to the Brandenburgs in his individual capacity rather than to his business, Lake Bailee Recreational Park.  This is because, according to Von Stein, it was error for the trial court to deny him the "limited-liability protection" granted to him through his business, Lake Bailee Recreational Park, upon finding he had "failed to prove the LLC existed for [him] to enjoy limited liability protections" afforded to him under Chapter 1705 of the Ohio Revised Code.[4]  Von Stein supports this argument by noting the Brandenburgs' answer, wherein they admitted Lake Bailee Recreational Park was a limited liability company doing business in Butler County, Ohio, as well as making reference to the so-called "party-presentment rule."[5]  Von Stein also argues that it was error for the trial court to deny him the "limited-liability protection" he

---

4. Effective January 1, 2022, the General Assembly repealed R.C. Chapter 1705 and enacted R.C. Chapter 1706, the Ohio Revised Limited Liability Company Act, pursuant to 2020 Am.Sub.S.B. No. 276.  "The Act provided that the repeal of R.C. Chapter 1705 would 'not affect an action commenced, proceeding brought, or right accrued prior to January 1, 2022.'"  *Miller v. Mission Essential Group, LLC*, 10th Dist. Franklin Nos. 22AP-448 and 22AP-449, 2023-Ohio-3077, ¶ 6, fn. 2, quoting S.B. 276 at Section 5.  This case commenced with Von Stein filing a complaint against the Brandenburgs on July 6, 2020.  Therefore, although it is now R.C. Chapter 1706 that would generally apply to limited liability companies in Ohio, it is nevertheless the repealed R.C. Chapter 1705 that applies to this case.

5.  The "party-presentment rule," also known as the "party-presentation rule" or the "principle of party presentation," is a rule that applies in both civil and criminal cases that generally obligates trial courts and courts of appeal to "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."  *Greenlaw v. United States*, 554 U.S. 237, 243, 128 S.Ct. 2559 (2008).  This is because courts are normally only to decide questions presented by the parties themselves.  *Phillips v. United States*, 6th Cir. Nos. 22-1742 and 22-1743, 23 U.S. App. LEXIS 13100, *7 (May 25, 2023).  We note, however, that "[t]he party presentation principle is supple, not ironclad," for "[t]here are no doubt circumstances in which a modest initiating role for a court is appropriate."  *United States v. Sineneng-Smith*, __ U.S. __, 140 S.Ct. 1575, 1579 (2020), citing *Day v. McDonough*, 547 U. S. 198, 202, 126 S.Ct. 1675 (2006) (noting that a federal court had "authority, on its own initiative," to correct a party's "evident miscalculation of the elapsed time under a statute [of limitations]" absent "intelligent waiver").

was entitled to under R.C. Chapter 1705 as the owner of Lake Bailee Recreational Park because "the defendants failed to plead or move to pierce the LLC's veil," and "the trial court never applied the veil-piercing test." Both of Von Stein's arguments lack merit.

{¶ 17} Generally, pursuant to subsections (A) and (B) of the now former R.C. 1705.48, "a member of an LLC is not personally liable for the LLC's debts, obligations, or liabilities, including the LLC's contractual liabilities."[6] *Riesterer v. Porter*, 6th Dist. Erie No. E-21-005, 2022-Ohio-1698, ¶ 19. In this case, however, the trial court did not find credible Von Stein's testimony that he had constructed the earthen berm at issue "at the direction of, as an agent for or for the benefit of Lake Bailee Recreational Park, LLC." The trial court instead found Von Stein had acted in his own individual capacity, thereby causing the Brandenburgs to suffer actual harm, in the form of both economic and non-economic damages, in the amount of $44,500. "[N]either the corporate shield nor a shield of limited liability insulates a wrongdoer from liability for his or her own tortious acts." *Stewart v. R.A. Eberts Co., Inc.*, 4th Dist. Jackson No. 08CA10, 2009-Ohio-4418, ¶ 30. This rule was codified in the now former R.C. 1705.48(D), which, as applicable to this case, provided that a member of a limited liability company could be held personally liable for that member's "own actions or omissions." Therefore, although the trial court may have taken a roundabout way of getting there, we nevertheless find no error in the trial court's decision to impose personal liability upon Von Stein in this case.[7] Accordingly, finding no error in

---

6. The principles previously set forth in former R.C. 1705.48(A) and (B) are now codified in R.C. 1706.26, which provides, in pertinent part, that "[a] person who is a member of a limited liability company is not liable, solely by reason of being a member, for a debt, obligation, or liability of the limited liability company or a series thereof, whether arising in contract, tort, or otherwise * * *."

7. We note that this holding remains true regardless of whether we agree or disagree with the trial court's decision finding Von Stein had failed to prove his business, Lake Bailee Recreational Park, was a limited liability company that could, under normal circumstances, provide him with limited liability protections pursuant to R.C. Chapter 1705. That is to say, given the trial court's finding Von Stein's testimony that he had constructed the earthen berm at issue "at the direction of, as an agent for or for the benefit of Lake Bailee Recreational Park, LLC" not credible, the question of whether Lake Bailee Recreational Park is a limited

the trial court's decision, Von Stein's first assignment of error lacks merit and is overruled.

**Assignment of Error No. 2:**

{¶ 18} THE TRIAL COURT ERRED BY IMPOSING AN INJUNCTION.

{¶ 19} In his second assignment of error, Von Stein argues the trial court erred by imposing a permanent injunction requiring him to remove the earthen berm that he constructed on his property, thereby requiring him to return the property to its prior, non-offending condition. We disagree.

*Abuse of Discretion Standard of Review*

{¶ 20} "The decision whether to grant or deny a permanent injunction rests within the sound discretion of the trial court and depends upon the facts and circumstances present in each individual case." *Busch v. Vosler*, 12th Dist. Preble No. CA9609-014, 1997 Ohio App. LEXIS 2231, *6 (May 27, 1997), citing *Garono v. State*, 37 Ohio St.3d 171, 173 (1988); and *Lemley v. Stevenson*, 104 Ohio App.3d 126, 136 (6th Dist.1995). It is therefore an abuse of discretion standard that this court applies on appeal from a trial court's decision granting or denying an applicant's request for a permanent injunction. *See Holtrey v. Wiedeman*, 12th Dist. Warren No. CA2023-01-011, 2023-Ohio-2440, ¶ 34. "A decision constitutes an abuse of discretion when the trial court acted unreasonably, arbitrarily, or unconscionably." *Wells Fargo Bank v. Maxfield*, 12th Dist. Butler No. CA2016-05-089, 2016-Ohio-8102, ¶ 32. "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Stidham v. Wallace*, 12th Dist. Madison No. CA2012-10-022, 2013-Ohio-2640, ¶ 8, quoting *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). A decision is arbitrary if it is made without consideration of or regard for facts or circumstances. *In re E.E.D.*, 8th Dist.

---

liability company is not material to the issue of Von Stein's own personal liability in this case for it was he, not his business, who built the earthen berm.

Cuyahoga No. 111352, 2022-Ohio-4014, ¶ 64. "A decision may also be arbitrary if it lacks any adequate determining principle and is not governed by any fixed rules or standards." *Varheresse v. Paulchel*, 10th Dist. Franklin No. 22AP-583, 2023-Ohio-3226, ¶ 16. A decision is unconscionable if it affronts the sense of justice, decency, or reasonableness. *Schaible v. Schaible*, 12th Dist. Clermont No. CA2022-06-029, 2022-Ohio-4717, ¶ 24.

*Permanent Injunction Standard*

{¶ 21} "Injunctive relief is an equitable remedy that is available only where there is no adequate remedy at law." *Dunning v. Varnau*, 12th Dist. Brown Nos. CA2016-09-017 and CA2016-10-018, 2017-Ohio-7207, ¶ 26, citing *Haig v. Ohio State Bd. of Edn.*, 62 Ohio St.3d 507, 510 (1992). That is to say, injunctive relief "is not available as a right," but may nevertheless "be granted by a court if it is necessary to prevent a future wrong that the law cannot." *Garono*, 37 Ohio St.3d at 173. The test for the granting or denial of a permanent injunction is substantially the same as that for a preliminary injunction.[8] *Taxiputinbay, LLC v. Put-In-Bay*, 6th Dist. Ottawa No. OT-22-020, 2023-Ohio-1237, ¶ 45. However, unlike the standard applied for a preliminary injunction, which initially requires the applicant to demonstrate just that there is a substantial likelihood that the applicant will prevail on the merits, *see Bond Safeguard Ins. Co. v. Dixon Builders I, LLC*, 12th Dist. ¶ 20, "[a] party seeking a permanent injunction must first prevail on the merits of its claim." *Total Quality Logistics v. Leonard*, 12th Dist. Clermont No. CA2022-09-048, 2023-Ohio-2271, ¶ 49. "A prevailing party is generally the party in whose favor the decision, verdict, or judgment is rendered." *Total Quality Logistics, LLC v. Tucker, Albin & Assocs.*, 12th Dist. Clermont No. CA2021-06-031, 2022-Ohio-1802, ¶ 24. Upon the applicant prevailing on the merits, the

---

8. Although substantially similar, we note that within his appellate brief, Von Stein's counsel provided this court with the test for granting a preliminary injunction and not the test for granting a permanent injunction. Given our familiarity with Von Stein's counsel's above-board work and overall good natured and honest character, we will presume that this was merely an oversight and not an intentional misrepresentation by appellate counsel to mislead this court.

applicant then has the burden of proving, by clear and convincing evidence, three additional factors for the trial court to consider when determining whether a permanent injunction should be issued. *See Steeplechase Vill., Ltd. v. Columbus*, 10th Dist. Franklin No. 19AP-736, 2020-Ohio-7012, ¶ 53.

{¶ 22} Initially, the applicant has the burden of proving, by clear and convincing evidence, "that immediate and irreparable injury, loss, or damage will result to the applicant." *McNamara v. Wilson*, 12th Dist. Butler No. CA2013-12-239, 2014-Ohio-4520, ¶ 43, citing *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267-268 (1st Dist.2000). "Irreparable harm is an injury for which there is no plain, adequate, and complete remedy at law, and for which money damages would be impossible, difficult, or incomplete." *Dunning v. Varnau*, 2017-Ohio-7207 at ¶ 26. Next, the applicant has the burden of proving, also by clear and convincing evidence, that no third parties would be unjustifiably harmed by the issuance of a permanent injunction. *Gimex Properties Corp., Inc. v. Reed*, 5th Dist. Lucas No. L-22-1049, 2022-Ohio-4771, ¶ 61. Lastly, the applicant has the burden of proving, by clear and convincing evidence, that the public interest would be served by a permanent injunction being issued. *Great Plains Exploration, LLC v. Willoughby*, 11th Dist. Lake No. 05 CV 002495, 2006-Ohio-7009, ¶ 11. No one factor in the analysis is dispositive, however. *Miller ex rel. Trumbull Indust., Inc. v. Miller*, 11th Dist. Trumbull No. 2004-T-0150, 2005-Ohio-5120, ¶ 10. These established factors must instead be weighed and balanced and "as is characteristic of the law of equity." *AultCare Corp. v. Roach*, 5th Dist. Stark No. 2008CA00287, 2009-Ohio-6186, ¶ 56.

*Von Stein's Argument and Analysis*

{¶ 23} To support this assignment of error, Von Stein initially argues it was error for the trial court to impose a permanent injunction requiring him to remove the earthen berm from his property because none of the pleadings, the Brandenburgs' motion for summary

judgment, or the trial court's various entries and orders provided him with sufficient notice that the "damages hearing was consolidated with an injunction hearing." Von Stein also argues that it was an error for the trial court to issue a permanent injunction requiring him to remove the earthen berm from his property because the Brandenburgs never requested the trial court grant them that type of injunctive relief. We disagree with Von Stein's arguments. We instead find Von Stein's arguments to be somewhat disingenuous given the fact that, pursuant to Civ.R. 54(C), except as to a party against whom a default judgment is entered, "every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings."

{¶ 24} But, even when ignoring the express language found in Civ.R. 54(C), the Brandenburgs in this case actually did request a permanent injunction be issued by the trial court. Specifically, in paragraph six of their counterclaim, the Brandenburgs requested the trial court to issue:

> An Order to Plaintiffs to remove the earthen/rock berm on the property line of Plaintiffs and Defendants that is unreasonably interfering with the natural flow of water between the properties (injunctive relief).

Therefore, to the extent Von Stein claims it was error for the trial court to impose a permanent injunction requiring him to remove the earthen berm from his property because he did not have sufficient notice that the "damages hearing was consolidated with an injunction hearing," or because the Brandenburgs never requested the trial court grant them that type of injunctive relief, such arguments lack merit.

{¶ 25} In so holding, we find it necessary to note our disagreement with Von Stein's argument that it would have been perfectly acceptable for the trial court to issue a decision granting summary judgment to the Brandenburgs finding it was the earthen berm on his property that was "block[ing] the natural flow of surface water," thereby causing the

Brandenburgs harm, only for the trial court to then forego issuing a permanent injunction requiring the earthen berm be removed. With this claim, Von Stein is essentially arguing that despite there being no issue of material fact that it was the earthen berm on his property that was causing the Brandenburgs harm, the trial court should have nevertheless allowed the earthen berm to remain. However, given the record properly before this court, had the trial court forgone issuing a permanent injunction requiring the earthen berm be removed from Von Stein's property, this would have virtually guaranteed that the Brandenburgs would continue to suffer harm and incur additional damages for which Von Stein would be further liable. Why Von Stein would subject himself to that is beyond this court's comprehension, but nevertheless the path for which Von Stein seems to have chosen given that Von Stein has yet to remove the earthen berm from his property and contempt proceedings against Von Stein have begun. This included the trial court scheduling the matter for a contempt hearing to take place on November 21, 2023, one day after this court heard oral argument in this case.

{¶ 26} Moving on, as additional support for this assignment of error, Von Stein argues the trial court "failed to apply the permanent-injunction test." To support this claim, Von Stein challenges whether there was sufficient evidence presented that would allow for a permanent injunction being issued in this case. In so doing, Von Stein concedes the permanent injunction standard's first two points. That is, Von Stein concedes that the Brandenburgs prevailed on the merits of their claims against him, and that the trial court "considered and addressed" the immediate and irreparable injury, loss, or damage that would result if the Brandenburgs were not granted a permanent injunction. Where Von Stein takes exception is with the trial court's consideration, or lack thereof, with the permanent injunction standard's third and fourth points. Those being, whether the applicant met his or her burden of proving, by clear and convincing evidence, that no third parties

would be unjustifiably harmed by the issuance of a permanent injunction, and whether the public interest would be served by a permanent injunction being issued. Von Stein refers to these latter two points as "elements" that the Brandenburgs were required to prove before the trial court could issue a permanent injunction in this case. But, contrary to Von Stein's claim, the permanent injunction standard is composed of the four previously mentioned *factors*, not *elements*. The same is true as it relates to the standard for the issuance of a preliminary injunction. *See Brakefire, Inc. v. Overbeck*, 144 Ohio Misc.2d 35, 2007-Ohio-6464 (C.P.), ¶ 19 ("[f]or purposes of this preliminary injunction, the court finds that the standard for the issuance of a preliminary injunction is composed of four established factors, not elements").

{¶ 27} Elements are required to be proven to establish a particular claim or defense. Factors, however, are not. Factors are instead a series of lesser, but nonetheless important, evidentiary facts and/or considerations that assist courts in reaching a determination on the ultimate issue at hand. In this case, for example, the ultimate issue being whether the Brandenburgs were entitled to a permanent injunction against Von Stein that required him to remove the earthen berm that he had constructed on his property, thereby requiring him to return the property to its prior, non-offending condition. The trial court determined that the Brandenburgs were entitled to such an injunction. Given its analysis on this issue, it is clear that the trial court reached this decision based primarily on the permanent injunction standard's second factor. That being, whether the Brandenburgs had established, by clear and convincing evidence, that they had suffered, and would continue to suffer, immediate and irreparable injury, loss, or damage if they were not granted a permanent injunction in this case. This included the trial court finding Von Stein had already caused actual harm to the Brandenburgs to the tune of $44,500 in damages; $14,500 in economic damages with an additional $30,000 in non-economic damages for

the annoyance and discomfort that they were forced to endure. This was not error.

{¶ 28} It was also not error for the trial court to not specifically mention within its decision whether it had considered each of the four factors making up the permanent injunction standard set forth above. There is no magic words requirement that a trial court must state before a permanent injunction may be imposed. *See generally Holtrey*, 2023-Ohio-2440 at ¶ 33 (discussing the permanent custody standard and what is required of a trial court before issuing a permanent injunction). The same holds true for a preliminary injunction. All that is required is for the trial court to "engage in a balancing process designed to weigh the equities between the parties in determining whether or not injunctive relief is appropriate." *Skinkiss v. Gleeson*, 12th Dist. Warren Nos. CA2006-12-143 and CA2006-12-147, 2008-Ohio-356, ¶ 12. This analysis involves the trial court "considering and weighing 'the relative conveniences and comparative injuries to the parties which would result from the granting or refusal of injunctive relief.'" *Id.*, quoting *Miller v. West Carrollton*, 91 Ohio App.3d 291, 296 (2d Dist.1993). The trial court clearly did that in this case. To the extent Von Stein claims otherwise, such argument again lacks merit. Therefore, having found no merit to any of the arguments raised by Von Stein herein in support of his second assignment of error, Von Stein's second assignment of error also lacks merit and is overruled.

## Conclusion

{¶ 29} For the reasons outlined above, and having now overruled each of Von Stein's two assignments of error raised for review, Von Stein's appeal from the trial court's decision granting summary judgment, monetary damages, and a permanent injunction in favor of the Brandenburgs is denied.

{¶ 30} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.