**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. N. Cent. Corr. Complex*, Slip Opinion No. 2026-Ohio-162.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-162

THE STATE EX REL. MARTRE, APPELLANT, *v.* NORTH CENTRAL CORRECTIONAL COMPLEX ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. N. Cent. Corr. Complex*, Slip Opinion No. 2026-Ohio-162.]**

*Mandamus—Court of appeals did not err in sua sponte dismissing appellant's complaint for failure to submit with his complaint a statement under R.C. 2969.25(C)(1) setting forth balance in his inmate account for each of preceding six months as certified by institutional cashier—Court of appeals' judgment affirmed.*

(No. 2025-0801—Submitted October 28, 2025—Decided January 22, 2026.)

APPEAL from the Court of Appeals for Marion County, No. 9-24-49.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Derrick Martre, an incarcerated inmate, appeals the Third District Court of Appeals' dismissal of his complaint for a writ of mandamus against appellees, the North Central Correctional Complex ("NCCC") and several departments within NCCC (collectively, "the prison"). The court of appeals dismissed Martre's complaint because his affidavit of indigency failed to comply with R.C. 2969.25(C). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In October 2024, Martre filed an action for a writ of mandamus in the court of appeals, seeking to compel the prison to produce records in response to 18 public-records requests he had transmitted by electronic kite to various departments at NCCC;[1] he also asked for an award of statutory damages. Martre filed with his complaint an affidavit of indigency, asking for a waiver of the court of appeals' filing fee. Attached to Martre's affidavit was a copy of his inmate account statement for the six-month period preceding the filing of his complaint. The statement he submitted, however, was not certified by the institutional cashier.

{¶ 3} The parties filed cross-motions for summary judgment. Martre also filed a motion to strike the prison's answer and a separate motion to strike the prison's reply brief in support of its motion for summary judgment. The court of appeals denied Martre's motions to strike and issued a judgment entry dismissing his complaint for failure to comply with R.C. 2969.25(C)(1). That provision requires an inmate requesting a waiver of the court of appeals' filing fees in a civil action against a government entity or employee to submit with his complaint an affidavit of indigency that contains, among other things, a statement that "sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." In this case, the court of appeals

---

1. A "kite" is a type of written correspondence between an inmate and prison staff. *State ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 3.

found that Martre's affidavit of indigency failed to comply with R.C. 2969.25(C)(1) because it did not contain the institutional cashier's certification.

{¶ 4} Martre has appealed to this court as of right.

## ANALYSIS

{¶ 5} Martre asserts five propositions of law in this appeal. None of them has merit.

{¶ 6} As his first proposition of law, Martre contends that the court of appeals erred in sua sponte raising R.C. 2969.25(C) and dismissing his complaint without first providing him with notice. Martre argues that a court may not dismiss a case on its merits without providing notice to the parties unless the complaint is frivolous or obviously lacks merit.

{¶ 7} Martre's argument lacks merit because there has been no dismissal on the merits. A dismissal of an inmate's civil action for failure to comply with R.C. 2969.25(C) is *without prejudice* and not deemed a dismissal on the merits. *State ex rel. Walker v. Bolin*, 2024-Ohio-5126, ¶ 7. Because a dismissal for noncompliance with R.C. 2969.25(C) is not on the merits, the court of appeals did not have to give Martre notice of its intent to dismiss. *State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8.

{¶ 8} As his second proposition of law, Martre contends that the court of appeals violated the "party-presentment rule" by sua sponte raising his noncompliance with R.C. 2969.25(C). "The 'party-presentment rule,' also known as the 'party-presentation rule' or the 'principle of party presentation,' . . . generally obligates trial courts and courts of appeal to 'rely on the parties to frame the issues for decision and assigns to courts the role of neutral arbiter of matters the parties present.' " *Von Stein v. Brandenburg*, 2023-Ohio-4481, ¶ 16, fn. 5 (12th Dist.), quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008); *accord Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 15, quoting *Greenlaw* at 243.

{¶ 9} Martre's argument fails.  The party-presentment rule is "not ironclad," because "[t]here are no doubt circumstances in which a modest initiating role for a court is appropriate."  *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020).  The court of appeals appropriately exercised such an initiating role here.  We have held that it is appropriate for a court of appeals to dismiss a complaint sua sponte for noncompliance with R.C. 2969.25 "because the requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal."  *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 8.  Martre's reliance on the party-presentment rule is therefore unpersuasive.

{¶ 10} In an argument related to his party-presentment proposition, Martre contends as his third proposition of law that the prison forfeited the R.C. 2969.25(C) defense by not asserting the defense in its answer or in its motion for summary judgment.  This argument fares no better, however, because this court has never held that the affidavit requirement is an affirmative defense subject to forfeiture.  "To the contrary, we have affirmed the practice of courts' sua sponte dismissing prisoner complaints on this basis."  *State ex rel. Bey v. Bur. of Sentence Computation*, 2022-Ohio-236, ¶ 19, citing *Watkins*, 2015-Ohio-1100, at ¶ 3.  Thus, the prison's failure to assert its R.C. 2969.25(C) defense below did not preclude the court of appeals from raising it sua sponte.

{¶ 11} Finally, as his fourth and fifth propositions of law, Martre complains that the court of appeals erred in denying his motions to strike the prison's answer and its reply brief in support of its motion for summary judgment.  Because we discern no error in the court of appeals' dismissal of Martre's complaint for noncompliance with R.C. 2969.25(C), we need not reach these issues.

**CONCLUSION**

{¶ 12} The Third District Court of Appeals did not err in dismissing Martre's complaint for failing to comply with the mandatory requirements of R.C. 2969.25(C).  We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

_____

Derrick Martre, pro se.

Mansour Gavin, L.P.A., Edward O. Patton, and Katie E. Epperson, for appellees.

_____