[Cite as *State v. Velez*, 2026-Ohio-470.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Respondent, | : | No. 115848 |
| v. | : | |
| ANTONIO VELEZ, | : | |
| Relator. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** February 11, 2026

Writ of Mandamus
Motion No. 591005
Order No. 592022

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig A. McClelland, Assistant Prosecuting Attorney, *for respondent*.

Antonio Velez, *pro se*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Antonio Velez ("Velez"), the relator, has filed a complaint for a writ of mandamus. Judge Cassandra Collier-Williams ("Judge Collier-Williams") has filed

a motion to dismiss based upon numerous procedural defects.[1]  We grant the motion to dismiss because the complaint is improperly captioned pursuant to Civ.R. 10(C), Velez has failed to comply with R.C. 2731.04 that requires an action in mandamus be brought in the name of the state on relation of the person applying, and Velez has not complied with R.C. 2969.25(A) and (C).

## A. Failure to Comply With Civ.R. 10(A)

{¶ 2} Civ.R. 10(A) states that the caption of a complaint must include "the names and addresses of all the parties . . . ."  Velez has not included the addresses of any parties in the caption of his complaint.  It is well-settled that the failure to properly caption a mandamus action is sufficient grounds for denying the writ.  *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 133 (2001); *Scott v. Sargeant*, 2009-Ohio-1745, ¶ 5 (6th Dist.); *State v. Elder*, 2014-Ohio-871, ¶ 4 (11th Dist.), citing *Snype v. Enlow*, 2012-Ohio-1272, ¶ 4 (11th Dist.); *State v. Lacy*, 2014-Ohio-3858, ¶ 3 (6th Dist.).  The failure to comply with R.C. 2969.25(A), 2969.25(C), and Civ.R. 10(A) prevents this court from granting the request for a writ of mandamus.

## B. Failure to Comply With R.C. 2731.04

{¶ 3} Also, Velez's complaint is defective because the caption is improper.  Velez styled his complaint for mandamus  "State of Ohio v. Antonio Velez."

---

[1] We are not addressing the facts of this original action because it does not meet the threshold procedural requirements in order to proceed forward with a merit-based analysis.

R.C. 2731.04 requires that an application for a writ of mandamus must be by petition and in the name of the state on the relation of the person applying. The failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 34; *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227 (1962); *State v. Bronston*, 2012-Ohio-4611, ¶ 2 (8th Dist.). Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent that provides an additional, independent reason for dismissal. *State ex rel. Ross v. State*, 2004-Ohio-1827, ¶ 8.

### C. Failure to Comply With R.C. 2969.25(A) and (C)

{¶ 4} Velez's complaint for mandamus fails to contain a sworn affidavit that contains a description of each civil action or appeal filed in the previous five years as required by R.C. 2969.25(A). *State v. Henton*, 2016-Ohio-1518, ¶ 5. The complaint also fails to contain a statement certified by the institutional cashier setting forth the balance in the inmate's account for the preceding six months as required by R.C. 2969.25(C*). State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 7. The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal. *State ex rel. Marte v. N. Cent. Corr. Complex*, 2026-Ohio-162, ¶ 10; *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 8.

{¶ 5} Accordingly, we grant Judge Collier-Williams's motion to dismiss. Costs to Velez. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 6}** Complaint dismissed.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
ANITA LASTER MAYS, J., CONCUR