[Cite as *State ex rel. Keith v. Adult Parole Auth.*, 2018-Ohio-1711.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Bernard R. Keith, | : | |
| Relator, | : | |
| v. | : | No. 17AP-583 |
| Ohio Adult Parole Authority et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

---

D E C I S I O N

Rendered on May 3, 2018

---

**On brief:** *Bernard R. Keith,* pro se.

---

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} Bernard R. Keith, relator, has filed this original action requesting this court issue a writ of mandamus ordering respondent Ohio Adult Parole Authority to grant him a new parole hearing.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court dismiss relator's mandamus action.

{¶ 3} Under R.C. 2969.25(C)(1), the statement of the inmate account must be "for each of the preceding six months, as certified by the institutional cashier." The magistrate concluded relator failed to satisfy the mandatory filing requirements of R.C. 2969.25(C) because he failed to include a statement from the institutional cashier setting forth the

balance of his inmate account for the month of July 2017. Thus, in a December 14, 2017 decision, the magistrate recommended sua sponte dismissal of the action and an order that relator pay the costs of the proceedings.

{¶ 4} Relator filed an objection to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b):

> [T]he deficiency of the offending challenged document submission cannot be attributed to any action or inaction on the part of Relator.

{¶ 5} Relator does not deny or dispute the findings of the magistrate as to the deficiency of the cashier's statement or the mandatory requirement of R.C. 2969.25(C). Rather, relator argues he should not be penalized and prejudiced for the actions of respondent, the institution's cashier's office, "for the faulty and deficient submission of a cashier's statement that has been previously complained of as being designed to deliberately sabotage/subvert Relator's filings." (Obj. at 2.) Relator further asks this court to consider "a continuing pattern of questionable antics [sic] that have culminated in the magistrate's recommendation that this action * * * be sua sponte dismissed." (Obj. at 3.) Finally, relator argues respondent has prevented him from making a determination as to the accuracy/validity of the cashier's statement as he was not permitted to examine the affidavit and cashier's statement prior to respondent filing the same. Relator asks this court to not charge him with the deficiency and to admonish and/or sanction respondent for having provided relator with a document that was known or should have been known to be non-compliant.

{¶ 6} As the Supreme Court of Ohio has held, "[t]he requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259 (1999). The magistrate relied on the Supreme Court's decision in *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, in determining relator did not comply with R.C. 2969.25(C) when he filed this action. In *Pamer*, the Supreme Court held R.C. 2969.25(C)(1) warranted dismissal of an inmate's complaint in mandamus where the inmate filed his action on September 19, 2005, but the statement of his inmate account covered the time period from March 1 through August 1, 2005. The court reasoned that

because the inmate did not set forth the account balance for "the month immediately preceding his mandamus complaint," August 2005, the inmate did not comply with the requirement in R.C. 2969.25(C)(1) that the statement of account set forth the balance in the inmate's account for each of the preceding six months.  *Id.* at ¶ 5.

{¶ 7}   We agree with the magistrate that *Pamer* is binding here as the facts in *Pamer* are nearly identical to the facts in the present case.  Like the inmate in *Pamer*, relator failed to provide a statement of the balance of his inmate account for the month immediately preceding his mandamus complaint.  Relator concedes this point.  Relator does not, however, point us to any case law or other authority which provides for an exception to *Pamer* for the reasons he posits in his brief.  Accordingly, we are bound by *Pamer* in this case.

{¶ 8}   We find the magistrate discerned the pertinent facts and properly applied the relevant law to those facts.  Because relator did not comply with R.C. 2969.25(C)(1), we adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law.  We decline, however, to impose costs on relator.

{¶ 9}   Accordingly, having adopted the magistrate's decision as our own, with the exception of imposing court costs on relator, we overrule relator's objection to the magistrate's decision. Accordingly, we sua sponte dismiss relator's request for a writ of mandamus.

*Objection overruled;*
*action dismissed.*

TYACK and KLATT, JJ., concur.

# APPENDIX

| | | |
|---|---|---|
| The State ex rel. Bernard R. Keith, | : | |
| Relator, | : | |
| v. | : | No. 17AP-583 |
| Ohio Adult Parole Authority, et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

**Rendered on December 14, 2017**

*Bernard R. Keith,* pro se.

## IN MANDAMUS
## ON SUA SPONTE DISMISSAL

{¶ 10} Relator, Bernard R. Keith, has filed this original action requesting this court issue a writ of mandamus ordering respondent Ohio Adult Parole Authority to grant him a new parole hearing.

Findings of Fact:

{¶ 11} 1. Relator is an inmate currently incarcerated at Pickaway Correctional Institution.

{¶ 12} 2. On August 16, 2017, relator filed the instant mandamus action.

{¶ 13} 3. At the time he filed this mandamus action, he submitted an affidavit of indigency and attached a certified copy which includes the amount in his inmate account for the months December 26, 2016 through June 26, 2017.

Conclusions of Law:

{¶ 14} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 15} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 17} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.
>
> In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.

---

[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

> Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 18} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 19} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush,* 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 20} Just as *Pamer's* cashier statement did not set forth the account balance for the month immediately preceding the filing of his mandamus complaint, relator's cashier statement here likewise did not set forth the account balance for the month immediately preceding the filing of his mandamus complaint: July 2017. Because the requirements of

R.C. 2969.25 are mandatory, relator's failure to comply with R.C. 2969.25(C) subjects his action to dismissal. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).