**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Walker v. Bolin*, Slip Opinion No. 2024-Ohio-5126.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5126

THE STATE EX REL. WALKER, APPELLANT, *v.* BOLIN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Walker v. Bolin*, Slip Opinion No. 2024-Ohio-5126.]

*Mandamus—Inmate failed to strictly comply with requirements of R.C. 2969.25(C) for obtaining a waiver of filing fee in mandamus action he filed in court of appeals—Court of appeals' dismissal of complaint affirmed.*

(No. 2024-0115—Submitted July 23, 2024—Decided October 29, 2024.)

APPEAL from the Court of Appeals for Franklin County, No. 23AP-156, 2024-Ohio-20.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ. BRUNNER, J., dissented, with an opinion.

**Per Curiam.**

{¶ 1} Appellant, Anthony Walker, an inmate at Grafton Correctional Institution ("GCI"), appeals the judgment of the Tenth District Court of Appeals dismissing his complaint for a writ of mandamus. The Tenth District dismissed the complaint because the cashier's statement filed with Walker's affidavit of indigency did not strictly comply with R.C. 2969.25(C). Because strict compliance with the statute is required, we affirm the dismissal.

## I. FACTS AND PROCEDURAL HISTORY

### A. Walker's Complaint in Mandamus and Bolin's Motion to Dismiss

{¶ 2} In March 2023, Walker filed a mandamus action in the Tenth District against appellee, J. Bolin, an employee of the Ohio Department of Rehabilitation and Correction ("ODRC"), Bureau of Sentence Computation. Walker sought an order compelling Bolin to correct Walker's jail-time credit to reflect an additional 2,053 days. Along with his complaint, Walker filed a motion for leave to proceed in forma pauperis and an affidavit of indigency.

{¶ 3} Bolin filed a motion to dismiss Walker's complaint, arguing that the cashier's statement submitted with Walker's affidavit of indigency did not comply with R.C. 2969.25(C)(1), because it failed to set forth the balance in Walker's inmate account for each of the six months preceding the filing of his complaint.

{¶ 4} In opposition to the motion to dismiss, Walker argued that the institutional cashier completed the cashier's statement and the fault lay entirely with Bolin and the Ohio Attorney General's Office for the wrong form being submitted with his affidavit of indigency. Walker asserted that he twice sent the institutional cashier a copy of the correct form, Form 10.01, and asked that the form be completed. However, he said the cashier completed Form 2257 instead, because the Attorney General's Office had instructed cashiers at Ohio's prisons to use only Form 2257, "knowing full well that the [Form] 2257 would be inadequate to satisfy the requirements of [R.C. 2969.25]."

**{¶ 5}** To further support his argument against dismissal, Walker submitted an affidavit to which he attached an email from Joshua Hutchison, GCI's cashier. In the email, Hutchison purportedly instituted a policy of providing inmates with a completed Form 2257 when they request an affidavit of indigency. Hutchison's email also outlined the procedure for inmates to obtain a different form if the inmate "needs a 6 month demand statement." Walker also attached to his affidavit blank copies of Form 2257 and Form 10.01: Form 10.01 has six spaces for reporting an inmate's total account balance for each of the six months that are to be denoted on the form, in addition to the total account balance as of a specific date. The form states at the top that it is to be used for a "**WAIVER OF PREPAYMENT PURSUANT TO R.C. 2969.25**." (Capitalization and boldface in original.) Form 2257 contains only one space for reporting an inmate's total account balance for the preceding six months as of a specific date, and that form does not refer to R.C. 2969.25.

### B. Dismissal of the Complaint and Walker's Appeal

**{¶ 6}** A magistrate recommended that the motion to dismiss be granted because Walker had failed to strictly comply with R.C. 2969.25(C). The Tenth District overruled Walker's objections to the magistrate's decision, adopted the magistrate's decision, and dismissed the action. Walker appealed to this court as of right.

## II. ANALYSIS

### A. Walker Was Required to Strictly Comply with R.C. 2969.25(C)

**{¶ 7}** R.C. 2969.25(C)(1) requires an inmate requesting a waiver of the court of appeals' filing fee in a civil action against a government entity or employee to submit with his complaint an affidavit of indigency that contains a statement of the balance in the inmate's institutional account for each of the preceding six months, as certified by the institutional cashier. An inmate must strictly comply with the statute. *See State ex rel. Townsend v. Gaul*, 2024-Ohio-1128, ¶ 8.

3

Substantial compliance with the statute is insufficient. *State ex rel. Roden v. Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 8. An inmate's failure to comply with R.C. 2969.25(C) subjects the inmate's civil action to dismissal. *Roden* at ¶ 7. Such a dismissal is not on the merits, *State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8, and is without prejudice, *see* R.C. 2305.19(A).

{¶ 8} Walker contends that our precedent regarding strict compliance should not be applied here, because he submitted the correct form to the institutional cashier and the cashier intentionally interfered with his ability to file the correct form. However, we have previously declined to make an exception to the strict-compliance requirement. *E.g.*, *Roden* at ¶ 2, 9 (affirming dismissal of inmate's mandamus complaint because cashier's statement submitted with inmate's affidavit of indigency did not set forth the balance in inmate's account for each of the preceding six months); *State ex rel. Muhammad v. State*, 2012-Ohio-4767, ¶ 1-3, (affirming dismissal of inmate's mandamus complaint even though inmate claimed that any errors in cashier's statement were made by prison officials); *State ex rel. Powe v. Lanzinger*, 2019-Ohio-954, ¶ 1, 3, 6, 7 (same).

{¶ 9} The inmate is ultimately responsible for ensuring that a proper affidavit of indigency and cashier's statement are filed. R.C. 2969.25(C)(1) provides that

> the *inmate* shall file with the complaint . . . an affidavit of indigency. The . . . affidavit of indigency shall contain . . . [a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.

(Emphasis added.) Even if the institutional cashier completed the wrong form, it was incumbent upon Walker to have the correct form filled out by the cashier and

submitted. Therefore, the Tenth District did not err in dismissing Walker's complaint.

### B. Walker Was Not Deprived of His Right to Access the Courts

{¶ 10} Walker argues that the institutional cashier's completion of the incorrect form—despite his having provided the cashier with the correct form and explaining that that form was the one that was required—deprived him of his right to access the courts under the First Amendment to the United States Constitution. In response, Bolin argues that Walker could have obtained the correct form by submitting an "additional cash slip for copies for the 6-month demand statement as directed by ODRC policy."

{¶ 11} In support of his argument, Walker submitted an email with his response to Bolin's motion to dismiss Walker's complaint. The email, which was from the GCI cashier, purportedly establishes GCI's policy of using a Form 2257 when an inmate requests an affidavit of indigency. However, the email does not support Walker's argument that the cashier purposefully submitted the wrong form with his affidavit of indigency in this case.

{¶ 12} Ultimately, Walker's constitutional argument is not supported by the evidence and therefore is not well taken.

### III. CONCLUSION

{¶ 13} Because Walker failed to strictly comply with the requirements set forth in R.C. 2969.25(C) for obtaining a waiver of the filing fee in the mandamus action he filed in the Tenth District Court of Appeals, the court of appeals was correct to dismiss his complaint. Therefore, we affirm the Tenth District's judgment.

Judgment affirmed.

_____

**BRUNNER, J., dissenting.**

## I.  INTRODUCTION

{¶ 14} The majority affirms a decision of the Tenth District Court of Appeals dismissing appellant Anthony Walker's petition for a writ of mandamus, "because the cashier's statement filed with Walker's affidavit of indigency did not strictly comply with R.C. 2969.25(C)" and "[b]ecause strict compliance with the statute is required."  Majority opinion, ¶ 1.  While I do not disagree with either of those statements by the majority, the facts of this case, in my view, merit holding the failure to strictly comply with the statutory requirements against the party that made strict compliance impossible—in this case, appellee, J. Bolin, an agent of the State.  I therefore, respectfully, dissent.

## II.  FACTS AND PROCEDURAL HISTORY

{¶ 15} I adopt the majority's recitation of facts and procedural history.  However, I wish to emphasize that Walker submitted an affidavit attached to his memorandum contra motion to dismiss filed in the court of appeals in which he averred, "On or about February 1, 2023, I forwarded a blank copy of the Cashier's Certificate numbered 'Form 10.01' to the [Grafton Correctional Institution] Cashier to complete and return to me to include when submitting the documents to initiate this action for filing, with my name and number typed in . . . ."  As reflected in the records attached to the same memorandum and in the majority's statement of facts, Form 10.01 specifically states that it is the appropriate form for "**WAIVER OF PREPAYMENT PURSUANT TO R.C. 2969.25**," and it contains blanks for stating the total inmate-account balance for the preceding six months. (Capitalization and boldface in original.)  *See* majority opinion at ¶ 5.  Walker further averred that after his February 1 attempt, he tried a second time to have the institutional cashier certify the correct form, stating, "On or about March 1, 2023, after waiting for the form to be returned, I forwarded another copy of the proper

form with my name and number typed in, to the Cashier with a second request to complete it."

**{¶ 16}** Walker then attested that despite his efforts to ensure that an R.C. 2969.25–compliant form was used, the institutional cashier substituted a different, noncompliant form. He stated, "The form [10.01] was substituted by the cashier for the form 'DRC 2257' without my knowledge, and despite the fact that I provided the proper form." He attached a copy of "DRC 2257" to his memorandum, which as the majority acknowledges, does not mention R.C. 2969.25 and does not contain an area in which to indicate "the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier," R.C. 2969.25(C)(1). Moreover, Walker attached to his memorandum an email from the cashier at Grafton Correctional Institution in which the cashier stated:

> So, I [have] recently been receiving several different Affidavit of Indigency papers. After talking to Central office and DRC Legal, the attached Affidavit [Form 2257] is the one we will officially be using. If you have any other ones in your area, please dispose of them. The counties will accept the DRC form for such.

**{¶ 17}** It appears beyond reasonable dispute that Walker more than once sought to have the correct form prepared and submitted with his petition for a writ of mandamus, yet, the institutional cashier, without Walker's knowledge and contrary to both law and Walker's request, substituted a different, noncompliant form. Consequently, Walker's petition for a writ of mandamus was dismissed for failure to comply with R.C. 2969.25(C)(1). A magistrate of the Tenth District noted in his opinion:

[Walker's] arguments as to why the court should not dismiss his petition are unavailing. [Walker] contends that the reason his submitted cashier's statement is not compliant with R.C. 2969.25(C) is entirely attributable to the respondent and the Attorney General. [Walker] asserts that he twice submitted a blank L.L. Form 10.01 ("form 10.01") cashier's statement to his institutional cashier to complete, but the cashier unilaterally substituted form 10.01 with form DRC 2257 without his knowledge. [Walker] attached to his response to the motion to dismiss the form 10.01 he claims he submitted to his institutional cashier. The form 10.01 provides a section for the cashier to indicate the total balance for "Month one," "Month two," "Month three," "Month four," "Month five," and "Month six." [Walker] also attached a copy of an email from his institutional cashier allegedly to other Ohio institutional cashiers indicating that "DRC Legal" and "Central office" have determined that form DRC 2257 is the affidavit of indigency and six-month demand statement that will be officially used, and the counties will accept this form. [Walker] also seeks leave to submit the proper form to the court.

If true, [Walker's] argument is curious, if not concerning. The form 10.01 [Walker] submitted to the cashier appears compliant with R.C. 2969.25(C), while form DRC 2257 the cashier unilaterally substituted for form 10.01 is not. Notwithstanding, the burden was on [Walker] to submit a cashier's statement compliant with R.C. 2969.25(C). He failed to do so, regardless of the reason for his failure.

2024-Ohio-20, ¶ 17-18 (10th Dist.)  The court of appeals adopted the magistrate's decision but acknowledged the fact that the institutional cashier apparently caused Walker's failure to comply with R.C. 2969.25(C):

> As the magistrate correctly noted . . . , the reason for [Walker's] failure to comply with R.C. 2969.25(C) is not considered in determining the appropriateness of dismissal for that failure to comply.  Neither R.C. 2969.25(C) nor any case law provides for an exception based on the reason for the noncompliance.  *See State ex rel. Keith v. Ohio Adult Parole Auth.*, 10th Dist. No. 17AP-583, 2018-Ohio-1711, ¶ 7 (dismissing inmate's mandamus action for noncompliance with the mandatory requirements of R.C. 2969.25(C) despite relator's allegation that the respondent had deliberately undermined his compliance efforts).

2024-Ohio-20 at ¶ 5 (10th Dist.).

{¶ 18} The majority now confirms the Tenth District's conclusion.  With due respect to both the Tenth District and the majority, the result here is an absurdity that the law need not and should not endorse.

### III.  ANALYSIS

{¶ 19} R.C. 2969.25(C) provides:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency.  The

affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

It is undisputed that Walker did not include a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier," R.C. 2969.25(C)(1). Based on the evidence in the record, that failure was not due to any action of Walker's but was due to the institutional cashier's substituting a form that does not satisfy R.C. 2969.25(C)(1), despite Walker's multiple submissions of the correct form to the cashier.

{¶ 20} As a general matter, "'[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.'" *Boles v. Knab*, 2011-Ohio-2859, ¶ 1, quoting *State ex rel. White v. Bechtel*, 2003-Ohio-2262, ¶ 5; *see also State ex rel. McGrath v. McDonnell*, 2010-Ohio-4726, ¶ 1. We have also stated that R.C. 2969.25, including division (C), requires strict compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4. On this precedent, the Tenth District and the majority take the view that Walker failed to strictly comply with the statute by failing to file with his mandamus petition a document "certified by the institutional cashier" that "sets forth the balance in the inmate account of the inmate for each of the preceding six months," R.C. 2969.25(C)(1).

{¶ 21} The phrase "strict compliance" does not mean that we must pretend not to notice the individual circumstances of the case. Neither does strict compliance indicate who should bear the cost of a failure to strictly comply. In

10

another context, we have held that when a prisoner does all that can reasonably be done to comply with a strict-compliance statute and is thwarted by prison officials of the State, the failure to strictly comply should not be charged against the prisoner. *See State v. Williams*, 2023-Ohio-3647; *State v. Dillon*, 2007-Ohio-3617.

**{¶ 22}** In *Williams*, a prisoner sought dismissal of a case on speedy-trial grounds, with the question being whether he had strictly complied with R.C. 2941.401, which starts the speedy-trial clock when a prisoner "causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment and a request for a final disposition to be made of the matter." *Williams* at ¶ 1. That statute also provides that the notice requires a certification from the warden of certain detailed information. R.C. 2941.401. Although the prisoner repeatedly gave appropriate notice to the warden, the warden never forwarded that notice with the appropriate certificate to the court. *Williams* at ¶ 2-4. The State argued that because the prisoner had not *caused* the notice to *be delivered* as required by the statute the prisoner could not prevail. *Id.* at ¶ 11. This court, however, rejected the State's interpretation of the statute and determined that by doing all he could to cause the notice to be delivered, the prisoner had complied with R.C. 2941.401 and that the failure to comply with the statute should not be charged against the prisoner but against the party that neglected to perform its statutory duty—i.e., the warden. *Id.* at ¶ 14-15.

**{¶ 23}** Similarly, in *Dillon*, we held that R.C. 2941.401 requires the State to dismiss untried charges against a prisoner when the State fails to inform the prisoner in writing of the charges against him. *Dillon* at ¶ 23. In that case, the State's failure to notify the prisoner of the charges against him as required by R.C. 2941.401 resulted in the prisoner's failure to make a request for a final disposition of the pending indictment against him. *Dillon* at ¶ 18-20. Thus, the failure to strictly comply with the statute was chargeable against the State, not the prisoner. *Id.* at

¶ 23. In so holding we stated, "Permitting a warden or superintendent to avoid complying with the duty imposed by R.C. 2941.401 would circumvent the purpose of the statute and relieve the state of its legal burden to try cases within the time constraints imposed by law." *Id.*

{¶ 24} Walker's case is analogous. Walker proved through unrebutted affidavit testimony and supporting documentary evidence that he did all he reasonably could to ensure that the correct form was certified by the institutional cashier and was submitted to the Tenth District with his petition for a writ of mandamus. Yet, because the cashier evidently misconstrued advice or received poor advice from other agents of the State, he refused Walker's requests. In other words, just like in *Williams* and *Dillon*, Walker was not and is not solely in control of the actions that are required for strict compliance with R.C. 2969.25. Walker is not the institutional cashier, and he could not have *forced* the institutional cashier to certify the account statement that he needed. He could only *ask* the cashier to supply the required inmate-account statement, which he did—twice. Because Walker did all he could to strictly comply with R.C. 2969.25(C), he should not bear the consequences of the failure to strictly comply.

## IV. CONCLUSION

{¶ 25} Strict compliance is merely the measure by which we judge how and whether there has been compliance with a mandatory statute. Strict compliance does not necessarily imply that only the petitioning actor in a legal scenario that involves several actors for the statutory mandates to be met is responsible for correct behavior. Nor does it mean that the petitioning actor is the *only* one who should bear the consequences of the failure of another actor that also has a duty to strictly comply, such as the State.

{¶ 26} It is necessary in situations such as Walker's for courts to pay attention to who failed in their statutory obligations. Walker was obliged to submit with his petition an inmate-account statement, but he could not do so without the

institutional cashier's certification. It was the institutional cashier who, without valid legal justification, withheld the necessary certification. When strict compliance is a joint endeavor under a statute, as here, both parties are bound to strictly comply. Walker did his part, but the State repeatedly did not.

{¶ 27} Strict compliance need not be dogmatic adherence. To look the other way in these circumstances when the State not just once but twice refused to do what is required of it, while visiting the consequences of the State's failure to strictly comply with its statutory obligations on Walker, jeopardizes the prisoner's access to the courts. Additionally, it exposes the State to potential liability for denying this access. Nothing about R.C. 2969.25 contemplates or requires such an absurd and constitutionally dangerous result.

{¶ 28} For these reasons, I respectfully dissent.

_____

Anthony Walker, pro se.

Dave Yost, Attorney General, and Jennifer A. Driscoll, Assistant Attorney General, for appellee.

_____