[Cite as *State ex rel. Jones v. Hildebrand*, 2025-Ohio-4647.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James S. Jones, | : | |
| Relator, | : | |
| v. | : | No. 25AP-305 |
| Jenny Hildebrand, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on October 7, 2025

**On brief:** *James S. Jones*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1} Relator, James S. Jones, requests a writ of mandamus ordering respondent, Jenny Hildebrand, to produce the public records he requested. Respondent has filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(1) and (6).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that relator has failed to comply with the requirements of R.C. 2969.25. Specifically, the magistrate found that relator failed to file a R.C. 2969.25(A) affidavit of prior civil actions, yet relator filed at least one civil action in the previous five years. The magistrate further found that relator failed to file with his affidavit of indigency a statement that sets forth the balance in the inmate account of the inmate for

each of the preceding six months, as certified by the institutional cashier, pursuant to R.C. 2969.25(C)(1). Accordingly, the magistrate recommended this court grant the motion to dismiss filed by respondent and dismiss relator's action.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law or other defect evident on the face of the magistrate's decision. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that relator has not shown he is entitled to a writ of mandamus, and his action must be dismissed.

*Writ of mandamus denied;*
*action dismissed.*


MENTEL and DINGUS, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James S. Jones, | : | |
| Relator, | : | |
| v. | : | No. 25AP-305 |
| Jenny Hildebrand, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 23, 2025

*James S. Jones*, pro se.

*Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}  Relator, James S. Jones, has commenced this original action seeking a writ of mandamus ordering respondent, Jenny Hildebrand, to produce the public records he requested. Respondent has filed a motion to dismiss.

Findings of Fact:

{¶ 6}  1. Relator is an inmate incarcerated at Madison Correctional Institution ("MCI").

{¶ 7}  2. Respondent is the warden of MCI.

{¶ 8}  3. On March 28, 2025, relator filed the instant mandamus action.

{¶ 9}   4. In his petition, relator alleges that in November and December 2024, he emailed a public records request to respondent requesting copies of email communications between certain parties concerning relator's missed parole board hearing in December 2024. Relator alleges that respondent produced incomplete records without explanation in response to his public records request.

{¶ 10}  5. Relator did not include with his petition for writ of mandamus an affidavit of civil filings or mention whether he had filed any civil actions in the previous five years, pursuant to R.C. 2969.25.

{¶ 11}  6. Relator filed a notarized affidavit of indigency with his petition. Section I of the affidavit of indigency is signed by the institutional cashier and provides relator's inmate account balance as of March 17, 2025, total state pay credited for the preceding six months, average monthly state pay for the preceding six months, and total funds received from all sources for the preceding six months.

{¶ 12}  7. Relator also submitted a court certification, which is signed by the institutional cashier. The court certification provides total deposits, average monthly deposits, total first day balances, average first day balances, current balance, FFF initial payment, total state pay, average total monthly deposits, and total commissary expenditures, beginning September 18, 2024, and ending March 17, 2025.

{¶ 13}  8. Relator also submitted an inmate demand statement. The statement provides, among other things, transaction dates, transaction amounts, and a running savings balance, for relator's inmate account, beginning August 18, 2024, and ending February 18, 2025. The inmate demand statement is not signed or notarized.

{¶ 14}  9. On April 28, 2025, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), arguing that relator failed to comply with the requirements of R.C. 2969.25.

Conclusions of Law:

{¶ 15}  The magistrate recommends that this court grant respondent's motion to dismiss relator's petition.

{¶ 16}  In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent

to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

> R.C. 2969.25 provides:
>
> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
>
> . . .
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.

R.C. 2969.25.

{¶ 17} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 2002-Ohio-1621 (10th Dist.). Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9.

{¶ 18} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 2020-Ohio-551, ¶ 9 (10th Dist.). "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-869, ¶ 6 (10th Dist.), quoting *Vedder v. Warrensville Hts.*, 2002-Ohio-5567, ¶ 14 (8th Dist.).

{¶ 19} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 20} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the

complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion).

{¶ 21} In the present case, respondent argues that relator has failed to comply with the requirements in R.C. 2969.25. With respect to R.C. 2969.25(A), respondent contends that relator failed to file a R.C. 2969.25(A) affidavit of prior civil actions, and relator filed at least one civil action in the previous five years: *James Jones v. Annette Chambers-Smith*, Franklin C.P. No. 24 CV 5852. A review of the online docket for this case confirms that relator filed this civil action on July 26, 2024, in the Franklin County Court of Common Pleas. It remains pending. Therefore, because relator has failed to file an affidavit of prior civil actions pursuant to R.C. 2969.25(A), and respondent has demonstrated that relator has filed at least one civil action in the previous five years that he has failed to report when filing the present action, relator's petition for writ of mandamus must be dismissed.

{¶ 22} Respondent also argues that relator failed to file with his affidavit of indigency a statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier, pursuant to R.C. 2969.25(C)(1). The magistrate agrees. Relator filed a notarized affidavit of indigency with his petition, which was signed and certified by the institutional cashier. The affidavit of indigency indicates relator's inmate account balance as of March 17, 2025, total state pay credited for the preceding six months, average monthly state pay for the preceding six months, and total funds received from all sources for the preceding six months. However, none of these amounts sets forth the balance in relator's inmate account for each of the preceding six months. Therefore, it does not comply with R.C. 2969.25(C)(1).

{¶ 23} Relator also submitted a court certification, which is signed by the institutional cashier. The court certification provides total deposits, average monthly deposits, total first day balances, average first day balances, current balance, FFF initial

payment, total state pay, average total monthly deposits, and total commissary expenditures, beginning September 18, 2024, and ending March 17, 2025. However, none of these amounts sets forth the balance in relator's inmate account for each of the preceding six months. *See State ex rel. Walker v. Bolin*, 2024-Ohio-5126, ¶ 8-9 (using form DRC 2257, the institutional cashier provided the account balance; the total state pay credited for the report period; average monthly state pay for the report period; total funds received from all sources, excluding state pay, for the report period; and total amount spent in inmate's commissary during the same period; however, because none of these amounts set forth the balance in relator's inmate account for each of the preceding months he had been incarcerated, dismissal was appropriate). Therefore, it does not comply with R.C. 2969.25(C)(1).

{¶ 24} Relator also submitted an inmate demand statement. The statement provides, among other things, transaction dates, transaction amounts, and a running savings balance for relator's inmate account, beginning August 19, 2024, and ending February 18, 2025. Relator filed his petition in this court on March 28, 2025. "Preceding" six-month period under R.C. 2969.25 means the period ending on the same numerical day in the concluding month as the day of the month the petition was filed; R.C. 2969.25 does not require the statement to cover the last full calendar month. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-338, ¶ 7 (10th Dist.). Thus, relator's statement was required to at least cover the period of September 28, 2024, to February 28, 2025. However, relator's statement does not cover these dates. The statement ends on February 18. Therefore, relator's statement does not comply with R.C. 2969.25(C)(1), in this respect. Furthermore, the inmate demand statement is not certified by the institutional cashier, as required by R.C. 2969.25(C)(1). Because relator's affidavit of indigency does not contain a certified statement that sets forth the balance in his inmate account for each of the preceding six months, relator has failed to comply with the requirements in R.C. 2969.25(C), and his petition must be dismissed.

{¶ 25} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of mandamus.


/S/ MAGISTRATE
THOMAS W. SCHOLL III




**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.