**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Sparks v. Frederick*, **Slip Opinion No. 2025-Ohio-5370.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5370

SPARKS, APPELLANT, *v.* FREDERICK, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Sparks v. Frederick*, Slip Opinion No. 2025-Ohio-5370.]**

*Habeas corpus—Statement contained in affidavit of indigency that inmate submitted with his habeas petition does not set forth inmate-account balance "for each of the preceding six months," as required by R.C. 2969.25(C)(1)—Court of appeals' dismissal of petition affirmed.*

(No. 2025-0424—Submitted August 6, 2025—Decided December 3, 2025.)

APPEAL from the Court of Appeals for Marion County, No. 9-24-58.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Bryan Sparks, filed in the Third District Court of Appeals a petition for a writ of habeas corpus against appellee, George Frederick, the warden

of the Marion Correctional Institution ("MCI"), seeking release from MCI. The warden filed a motion to dismiss, and the court of appeals dismissed the petition. Because Sparks failed to include with his petition a statement of his inmate account that complied with R.C. 2969.25(C), we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} In 2004, Sparks was found guilty, following a bench trial, in the Summit County Court of Common Pleas of two counts of rape, two counts of corruption of a minor, and one count of illegal use or possession of drug paraphernalia. It is not entirely clear from the record what Sparks was originally sentenced to, but he was resentenced in March 2010 to life imprisonment for the first rape count and to various sentences for the remaining counts, to be served concurrently with one another.

{¶ 3} In 2024, Sparks filed his habeas petition in the Third District. He claims that he is entitled to immediate release from prison for numerous reasons: that the prosecutor unlawfully altered his indictment, that his sentence did not include a required minimum sentence, that the trial court's journal entry does not reflect the sentence imposed orally at his original sentencing hearing, that his 2010 life sentence was improperly termed a "definite" sentence, that he has been unconstitutionally subjected to double jeopardy, that the jury's verdict form unlawfully omitted a degree of an offense of which the jury had found him guilty, and that someone other than the judge signed the judgment of conviction.

{¶ 4} Sparks requested that the Third District waive its filing fees. He attached to his petition an affidavit of indigency and included with the affidavit a form signed by a cashier at MCI. The form certifies the current balance in his inmate account but does not indicate a balance for each of the preceding six months.

{¶ 5} The warden filed a motion to dismiss. The Third District dismissed the petition, finding both that Sparks had failed to include with his petition a

statement of his inmate account that complied with R.C. 2969.25(C) and that he had not stated a claim cognizable in habeas corpus.

{¶ 6} Sparks has appealed to this court as of right.

**LEGAL ANALYSIS**

{¶ 7} We review de novo a decision of a court of appeals dismissing a habeas corpus petition. *State ex rel. Parker v. Black*, 2022-Ohio-1730, ¶ 6.

{¶ 8} The Third District dismissed Sparks's petition for failing to comply with R.C. 2969.25(C). R.C. 2969.25(C)(1) requires an inmate requesting a waiver of the court of appeals' filing fees in a civil action against a government entity or employee to submit with his complaint an affidavit of indigency that contains a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." An inmate must strictly comply with the statute; substantial compliance is insufficient. *State ex rel. Walker v. Bolin*, 2024-Ohio-5126, ¶ 7. An inmate's failure to comply with R.C. 2969.25(C) subjects the inmate's civil action to dismissal. *Id.* Such a dismissal is not on the merits and is without prejudice. *Id.*

{¶ 9} Here, Sparks submitted a certification signed by an MCI cashier. But the certification does not certify the balance of his inmate account for each of the preceding six months. A certification does not comply with R.C. 2969.25(C) if it does not contain the inmate-account balance for each of the preceding six months. *State ex rel. Roden v. Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 6; *Walker* at ¶ 5, 8. Because Sparks did not file a certification that complied with R.C. 2969.25(C), the Third District correctly dismissed his petition on that basis and we do not reach the issue whether the petition stated a valid claim for relief in habeas corpus, *see State ex rel. Sands v. Lake Cty. Common Pleas Court*, 2023-Ohio-2599, ¶ 11; *State ex rel. Swopes v. McCormick*, 2022-Ohio-4408, ¶ 15.

## CONCLUSION

**{¶ 10}** Sparks did not submit with his habeas petition an affidavit of indigency that contains a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier" as required by R.C. 2969.25(C)(1). We therefore affirm the Third District's dismissal of the petition.

Judgment affirmed.

_____

Bryan Sparks, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____